**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10165 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08086-NVW-1 |
| v. | |
| TIMOTHY YAZZIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 5, 2013
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Defendant Timothy Yazzie appeals his convictions on three counts of

aggravated sexual abuse under 18 U.S.C. § 2241(c). We have jurisdiction under 28

U.S.C. § 1291.[1]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [1] We resolve three of Yazzie's arguments in this memorandum, and resolve his remaining claims in a concurrently issued opinion.

We reject Yazzie's claims that the district court erred under Rule 404(b) of the Federal Rules of Civil Procedure in admitting evidence regarding his prior and subsequent bad acts. Yazzie's interest in sadistic pornography was admissible because such evidence was probative of Yazzie's sexual interest in children and therefore necessary to "offer a coherent and comprehensible story regarding the commission of the crime." *See United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (internal quotation marks omitted). For the same reason, the court did not plainly err in admitting the evidence of uncharged sexual assaults committed by Yazzie; it was likewise necessary for telling the complete story regarding the course of his sexual abuse of R.J. *See id.* The evidence that Yazzie presented pornography to R.J. was admissible to show that Yazzie had opportunities to engage in inappropriate activities with R.J., that he prepared for sexual acts with R.J., and that he had a plan. *See* Fed. R. Evid. 404(b). Evidence that Yazzie possessed weapons at the home and threatened and assaulted R.J., her mother, and siblings was admissible because that evidence established a basis for R.J. and her mother to fear Yazzie and explained their failure to report the abuse. The transcripts of phone calls between Yazzie and his mother, during which Yazzie appeared to threaten to harm R.J., were admissible to show Yazzie's consciousness of his own guilt. *Cf. Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996).

Even if the district court had erred in admitting any of this evidence, any error was harmless, given the overwhelming evidence of guilt including Yazzie's admission to a federal agent that he had sexual intercourse with R.J. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc).

The district court did not plainly err by referring to R.J. as the "victim" rather than the "alleged victim" in its instruction to the jury regarding how to evaluate evidence regarding the defendant's "other acts," because it correctly instructed the jury regarding the presumption of innocence. Although the court's instruction focused on "other acts" that involved "the use of weapons, threats, or force," while the court admitted evidence of other types of bad acts, any error was harmless because there was overwhelming evidence of Yazzie's guilt and it remains "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Anchrum*, 590 F.3d 795, 801 (9th Cir. 2009).

Finally, we conclude the district court did not commit plain error by allowing Juror 10 to deliberate as part of the jury. The record shows that Juror 10 was not the sleeping juror. Rather, the sleeping juror was Juror 9, who was designated as an alternate and did not deliberate with the jury. Defendant did not object to Juror 10 continuing on the panel or inform the court that any mistake had

3

been made before the jury began deliberating, which further corroborates our conclusion.

**AFFIRMED.**